[*Special Term, April*, 1870.]

### HENRY BOERS *v.* SILAS W. BARRETT ET AL.

An assessment, under the statute, authorizing the construction of sewers on property benefited by them, is in its nature a charge for a permanent addition to the freehold, and is to be paid by the owner of the fee, or the holder of a perpetual lease, but is not chargeable against an ordinary tenant for years, although his lease may contain the privilege of purchasing the fee at a specified price.

*W. M. Ramsey*, for plaintiff.

*O. H. Temple*, contra.

STORER, J.   This action was originally against the defendant, Barrett, to recover an assessment made by the city council upon his real estate for the construction of a sewer between Linn street and Central avenue.   Mack, Bussing & Co. were made parties, and the question now presented upon their answer and cross-bill is, whether they are liable, as tenants of Barrett, to pay the assessment, or must it be borne by Barrett, the owner.

Two questions arise upon the facts as alleged in the pleadings.   First—Was the assessment for a public improvement completed before the lease was executed, chargeable under the lease upon the lessees; or did it not rather, like every other tax or imposition, attach to the property

before it was demised, and therefore chargeable only to the lessee?

The statute, authorizing the work to be done, gave a lien upon the lot to the city which related back to the commencement of the work, and the assessment was therefore an incumbrance on the property which the lessor was bound to remove. The claim against the lessees is not then for a future expenditure, but for one that was practically in the past; and it can not, therefore, be supposed that the lessees could be required to discharge it, unless so specially understood between all the parties and clearly stipulated for in the lease. On any other rule, every existing and unpaid assessment, no matter how long it may have been pending upon the property, would be chargeable to the lessees.

It is clear that the parties must have referred to prospective assessments only, to be levied for improvements made during the period of the lease and not before it existed.

But the word " assessment," which is equivalent to the words "imposition," "duty," or "tax," must have a reasonable construction. It must mean ordinary charges that a municipal corporation imposes from year to year, and which are for the benefit more particularly of the occupants of the property, such as lighting the streets, water rents, and such other incidental taxes that the necessities of the city government may require, and not such improvements as are really permanent and therefore especially benefit the owner of the lot,

Here the term of letting was five years; the assessment levied was for a work that may last half a century, and at the expiration of the lessees' estate, the lessor would enjoy the benefit forever of what would cost him nothing.

We can not so understand the intention of the parties, nor can we apply to the words they have used any legal principle that will authorize such a construction. It will be perceived the term "assessment" is preceded by the

words " State, county, or municipal," thus covering every grade of taxation for any purpose, whether then existing or which subsequently might be required for the public necessity.

We should hold, if the lease were a permanent one, which by the policy of our law is regarded as equivalent to an estate in fee, the lessees, who would then be really the purchasers, might well be charged with the assessment; but the lessees' interest here will not permit us to allow the application of such a rule. *Twycross* v. *F. R. & Co.*, 10 Gray, 293.

There is a privilege of purchase, but it is not obligatory on the lessees, nor is that for the extension of the lease. If the lessees do not, at the expiration of the term, claim the one or the other, it is of no value.

On the whole case, we decide the lessees can not be held to discharge the assessment.